UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRENCE LAMONT CAMPBELL                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:15cv395-DPJ-FKB

NURSE THOMPSON, NURSE HOUGE,
MISSISSIPPI DEPARTMENT OF
CORRECTIONS, WALNUT GROVE
CORRECTIONAL FACILITY,
MANAGEMENT AND TRAINING
CORPORATION, SERGEANT PLUMER,
OFFICER PATRICK, and OFFICER
JOHNSON                                                   DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of partial

dismissal.  At the time Plaintiff Terrence Lamont Campbell initiated this action, he was

incarcerated with the Mississippi Department of Corrections ("MDOC").  He filed this action

challenging the conditions of his prior confinement at the Walnut Grove Correctional Facility.

The Court has considered and liberally construed the pleadings.  As set forth below, Defendants

Nurse Houge, MDOC, and Walnut Grove Correctional Facility are dismissed.  The remainder of

this case shall proceed.

I.        Facts and Procedural History

On June 7, 2014, Campbell was housed at Walnut Grove Correctional Facility, a private

prison run by Defendant Management and Training Corporation.  On that day, Campbell claims

he broke his ankle.  Defendant Nurse Thompson told him that since it was a weekend, there was

nothing that she could do other than give him an ice pack and ibuprofen.  Two days later,

Campbell was given an X-ray and then sent to the hospital.  The doctor at the hospital allegedly told Campbell it was too late to fix his ankle.  Compl. [1] at 2, 4  5.

Campbell returned to his housing zone.  Campbell alleges that Defendants Sergeant Plumer, Officer Patrick, and Officer Johnson were present on the zone.  According to Campbell, Plumer assigned Campbell to a top bunk, even though he had a broken ankle.  Additionally Campbell claims that he had a profile for a bottom bunk assignment due to the ankle and to seizures.  Campbell contends that Plumer and everyone else at the facility knew about the bottom bunk profile.  Campbell protested, but Plumer allegedly would not change the assignment. Eventually, Campbell maintains that he fell off the top bunk early one morning when he was trying to get down.  As a result, Campbell landed on the same ankle and fractured it again, requiring surgery.  *Id.* at 5; Pl.'s Resp. [8] ¶ 4.

Some time after the second incident, Campbell claims that Defendant Nurse Houge told him that he would lose any court case based on these incidents, and also "tried to manipulate [him] into signing some papers stating that [he] was alright."  Pl.'s Resp. [8] ¶ 1.

Campbell brings this action for damages under 42 U.S.C. § 1983 and state law.  He claims that Thompson, Plumer, Patrick, and Johnson were deliberately indifferent to his serious medical needs.  Campbell claims that Management and Training Corporation is vicariously liable for Thompson's delay in providing medical care.  It is not clear if Campbell also claims that the company is directly liable for Thompson's conduct.

II.    Analysis

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time

2

if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a district court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Campbell to proceed *in forma pauperis* in this action. His Complaint is therefore subject to *sua sponte* dismissal under § 1915.

Among others, Campbell sues Nurse Houge, MDOC, and Walnut Grove. The claims against these Defendants will be addressed in turn.

A.    Nurse Houge

Campbell sues Nurse Houge, claiming she told him he would lose if he sued over the two incidents. Campbell also sues Nurse Houge because she supposedly tried to get him to sign a release or document admitting he was not injured. Pl.'s Resp. [8] ¶ 1.

Campbell fails to state a claim against Houge. The instant action demonstrates that Campbell was not, in fact, talked into signing the document in question and was not successfully talked out of filing a lawsuit. Because Houge did not cause Campbell any harm, this claim is dismissed, and the dismissal is a strike.

B.     MDOC

Campbell brings claims against MDOC, for damages under § 1983 and state law, for the

alleged deliberate indifference to his medical needs.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a

State is not a person within the meaning of § 1983."  *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are

considered 'arms of the State' for Eleventh Amendment purposes."  *Id.* at 70.  MDOC is

considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of*

*Corr.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683, at *2 (S.D. Miss. June 12,

2006).  Therefore, the § 1983 claims against MDOC are dismissed.

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not

waive the State's Eleventh Amendment immunity from suit in federal court.  Miss. Code Ann.

§ 11-46-5(4).  Therefore, the state law claims against MDOC are dismissed without prejudice.

C.     Walnut Grove

Finally, Campbell sues the prison, Walnut Grove Correctional Facility.  Since Walnut

Grove is a prison that Management and Training Corporation operates, these two Defendants are

one and the same.  Although a corporation operating a private prison may be held liable under

4

§ 1983 in limited circumstances, the prison itself is not a separate legal entity amenable to suit under § 1983.  *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Additionally, the prison is not amenable to suit under Mississippi law on the state-law claims. *See, e.g.*, *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416, at *2  3 (S.D. Miss. Apr. 30, 2009) (holding that jail is not a separate legal entity which may be sued). Accordingly, Walnut Grove is dismissed, and Campbell's allegations against it will be considered allegations against Management and Training Corporation.

III.     Conclusion

Campbell fails to state a claim upon which relief may be granted against Nurse Houge. Therefore, she is dismissed.  Mississippi Department of Corrections is dismissed as immune and because it is not a person under § 1983.  Finally, Walnut Grove is dismissed because it is not a separate legal entity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Nurse Houge is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Mississippi Department of Corrections is **DISMISSED**.  The 42 U.S.C. § 1983 claims against it are dismissed with prejudice.  The State law claims against this Defendant are dismissed without prejudice.

5

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Walnut Grove

Correctional Facility is **DISMISSED WITHOUT PREJUDICE**.  The remainder of this case

shall proceed.

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

6