IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRANCE LAMONT CAMPBELL                                 PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:15cv395-DPJ-FKB

NURSE THOMPSON, et al.                                   DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

Terrance Lamont Campbell, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical treatment and related claims.  Presently before the Court is the motion of Defendants Management & Training Corporation (MTC), Melissa Plumer, Valerie Patrick, and Angela Johnson (employees of MTC) for summary judgment based upon failure to exhaust administration remedies.  Plaintiff has not responded to the motion.  The undersigned recommends that the motion be granted.

On June 7, 2014, Plaintiff sustained an ankle injury while playing basketball.  He alleges that Nurse Campbell provided him with inadequate treatment for his injury.  Plaintiff's claims against Defendants MTC, Plumer, Patrick, and Johnson, arise out of a reinjury to his ankle he sustained while attempting to climb down from his top bunk.  Plaintiff alleges that Sgt. Plumer, Officer Patrick, and Officer Johnson are responsible for this latter injury because they had failed to ensure that he was assigned to a lower bunk.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  The requirement that claims be exhausted

prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  Movants' evidence establishes that while Plaintiff submitted a grievance concerning Nurse Thompson's treatment of his initial injury, he has never filed any grievance regarding his claims based upon his subsequent injury.  For this reason, the undersigned recommends that the motion for summary judgment be granted and that all claims against MTC, Defendant Plumer, Defendant Patrick, and Defendant Johnson be dismissed.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of March, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE
