IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRANCE LAMONT
CAMPBELL                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:15CV395-DPJ-FKB

ANGELA THOMPSON                                                       DEFENDANT


**REPORT AND RECOMMENDATION**

      Terrance L. Campbell was formerly a state prisoner housed at the Walnut Grove Correctional Facility. He brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care at the facility. All defendants other than Angela Thompson have been previously dismissed. Presently before the Court is Thompson's motion for summary judgment. Cambpell has not responded to the motion. Having considered the motion and the supporting memoranda, as well as Plaintiff's testimony at the *Spears* hearing, the Court concludes that the motion should be granted.

      Plaintiff testified as follows at the hearing. Plaintiff injured his right ankle on Saturday, June 7, 2014, while playing basketball at the prison. He was taken to the medical clinic, where he was evaluated by Defendant, a nurse. Defendant gave him an ice pack and ibuprofen, recommended that his ankle be x-rayed the following Monday, and told him there was nothing else that could be done for him over the weekend. On Monday, June 9, 2014, medical personnel at the prison clinic performed an x-ray of his ankle and determined that he had suffered a fracture. He received no further medical treatment until the following Thursday, when he was seen at the University of

Mississippi Medical Center.  According to Plaintiff, he suffers from pain and swelling in his ankle as a result of the delay in treatment.  Plaintiff admitted at the hearing that after seeing him on the day of the injury, Defendant had no further involvement in his medical treatment.

In support of her motion, Defendant has submitted Plaintiff's medical records for the relevant time period.  However, there is no affidavit accompanying the records to authenticate them. Thus, they are not competent summary judgment evidence, and the undersigned has not considered them.  Even so, the undersigned concludes that the motion should be granted because Plaintiff's own allegations fail to state a claim for relief.  In order to succeed under § 1983 for a denial or delay in medical care, a prisoner must establish that the defendant was deliberately indifferent to his serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   By Plaintiff's own testimony, Defendant Thompson saw him on the day of the injury, evaluated and treated him, and recommended that his ankle be x-rayed.  Plaintiff further testified that Defendant had no further involvement in his medical treatment.  There is nothing in these allegations to indicate that Defendant wantonly disregarded Plaintiff's medical needs.  In short,

Plaintiff's allegations concerning Defendant do not rise to the level of a constitutional violation.

For these reasons, the undersigned recommends that Defendant's motion be granted. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of August, 2017.

    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE